UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
MIDDLE DIVISION

IN RE:
MARK MANGANO AND
RANDA HADDAD MANGANO,   CASE NO. 08-12375-L
                        CHAPTER 7
    Debtors.             JUDGE LUNDIN
_____\

MICHIGAN COURT APPOINTED RECEIVER,

    Movant,
v.
MARK AND RANDA HADDAD MANGANO

    Respondents.
_____\

## NOTICE OF FILING EXECUTED AFFIDAVIT
## DE 122-3

Please take notice that Counsel for JOHN A. LYGIZOS has demanded, under FRBP 9011(a), that an executed copy of DE 122-3 "AFFIDAVIT OF PAUL AND GINA WELLS", be filed. See, Exhibit 1. A copy of the Executed Affidavit is attached as Exhibit 2.

                                Respectfully Submitted,

                                **TINDALL & COMPANY P.C.**


                        BY:_____/S/_____
Dated: 4/29/09           MICHAEL E. TINDALL  P29090
                         For the Firm
                         **49 MACOMB PL. , STE 29**
                         **MOUNT CLEMENS, MI  48043**
                         **(313) 638-7615**
                         **(815) 572-5858 (FAX)**
                         Direct Email: met@comcast.net

**LOCAL COUNSEL:**
/s/ Phillip G. Young
Phillip G. Young, Jr.
Attorney at Law
22 Public Square,
Suite 12 Columbia,
TN 38401
Tel: (931) 381-0057
Fax: (931) 381-0058
Email: phillip@younglawoffices.net

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served upon counsel of record herein at their respective addresses on the record in this matter, or, recited above

on __4_/29_/ 2009___

___US MAIL __x_E-FILE/MAIL___ FAX ___ DELIVERY


_____MICHAEL E. TINDALL_____

---

In re MANGANO

MOTION TO DISMISS

CASE NO: 2:08-bk-12375

# EXHIBIT NO: 1

**met**

| | |
|---|---|
| From: | "Marc Deldin" <Marc@findlinglaw.com> |
| To: | <met@comcast.net> |
| Cc: | <lygizosassociates@yahoo.com>; "David Findling" <david@findlinglaw.com> |
| Sent: | Monday, April 27, 2009 9:41 AM |
| Subject: | In re Mangano |

Mr. Tindall,

It has come to our attention that the affidavit submitted by two of your clients, Paul Wells and Gina Wells, is not signed. I request that you correct this omission by submitted a signed affidavit by the Wells. *See* F.R.Bankr.P. 9011(a) ("An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party").

Your attention to this matter is appreciated.

Marc A. Deldin
Insolvency Group
The Findling Law Firm, PLC
415 S. West St.
Royal Oak, Michigan 48067
(248) 399-3300
(248) 399-1809 (FAX)
Marc@findlinglaw.com
www.findlinglaw.com
www.courtappointedreceiver.com

Commercial property for sale:
http://docs.google.com/Doc?id=dwzx9pm_10f9w9p9hb
Residential property for sale:
http://docs.google.com/Doc?id=dwzx9pm_11gtp3t5g6
+++++++
No E-Signature: Neither this email nor any attachment contains an electronic signature unless a specific statement to the contrary or a valid VeriSign Digital Signature Certificate is included.

Circular 230 Disclosure: To ensure compliance with IRS requirements, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under federal, state or local tax law or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Confidentiality: This email and any attachment are confidential, may contain information that is proprietary, privileged or legally protected from disclosure, and are not intended to waive or diminish the protection of the attorney-client privilege or the attorney work product rule. If you are not the intended recipient, reading, copying, forwarding or distributing this email or any attachment may subject you to legal sanctions. Please delete this email and all attachments without making copies and notify me by email.

Offers of compromise: This email may contain an offer to compromise or contain a negotiation to compromise or settle a disputed fact or claim. Therefore, this communication is protected pursuant to MRE 408.

Marc A. Deldin, Esq.
The Findling Law Firm, PLC

**In re MANGANO**

**MOTION TO DISMISS**

**CASE NO: 2:08-bk-12375**

EXHIBIT NO: 2

# AFFIDAVIT OF PAUL AND GINA WELLS

**PAUL AND GINA WELLS**, being first duly sworn, depose and say:

1. We are the lessees of the property commonly known as 4363 Michigan Ave., Canton MI 48188.

2. The property was leased by us and occupied by our son.

3. We paid Mark Mangano and Randa Mangano a/k/a Randa Haddad a Security Deposit of $ 1500.00 at the time we leased the property. This Security Deposit was supposed to be deposited in a segregated account and held in trust for our benefit under Michigan's Security Deposit law.

    A. We have since discovered that this Security Deposit was never placed in a segregated "trust", account, as required by Michigan law; and, has been converted by Mark and Randa Mangano to their own use.

4. Throughout the lease, we paid the rent for this property to Mark Mangano and/or Randa Mangano, a/k/a Randa Haddad.

5. On or about October 1, 2008, we were contacted by the Court Appointed Receiver and informed that the Court had placed the property into receivership.

    A. The Receiver directed that we pay all further rent to the Receiver.

    B. We informed the Receiver that our son was vacating the property in the month of October and that no further rent would be paid.

    C. We vacated the property voluntarily. We were not evicted or "thrown out" by the Receiver.

6. On or about October 14, 2008, we were contacted, separately, by Mark Mangano, and, by Attorney A. Rosati, representing Mark Mangano.

    A. We were informed by Mr. Mangano, and, again, by Mr. Rosati, that the Receivership Order was illegal and invalid and that we should ignore it.

    B. We were instructed by Mr. Mangano, and, again, by Mr. Rosati, not to cooperate with the Receiver, or, comply with his directions.

    C. We were instructed by Mr. Mangano, and, again, by Mr. Rosati, to continue to pay rent to Mr. Mangano, not to the Receiver.

D. We informed Mr. Mangano, and, Mr. Rosati that our son was vacating the property in October 2008 and that no further rent would be paid.

7. Subsequent to October 15, 2008, our son vacated the property.

    A. We contacted DTE directly and terminated the electrical service at the property that was in our name during our son's occupancy.

    B. Prior to terminating the electrical service, we told Mark Mangano we were terminating electrical service in our names to the property.

    C. We did not inform the Receiver that electric service had been terminated to the property.

8. Since vacating the property we have requested Mark Mangano return our Security Deposit. He has refused to return our deposit.

9. Mark and Randa Mangano a/k/a Randa Haddad are liable to us for two (2X) times the amount of our Security Deposit, $3,000.00, under Michigan's Security Deposit Act.

10. Mark and Randa Mangano a/k/a Randa Haddad are liable to us for fraudulent conversion of our Security Deposit, in the amount of the statutory treble (3X) time penalty of $4500.00, for fraudulently converting this statutory "trust" fund Security Deposit to their own use.

11. We have never been notified that Mark and Randa Mangano a/k/a Randa Haddad filed for Bankruptcy, or, that the amounts held in trust for and owed to us have been listed in their Bankruptcy Schedules.

**FURTHER DEPONENTS SAITH NOT.**

_____  _____
PAUL WELLS                  GINA WELLS

Subscribed and sworn to before me this ____ day of April, 2009

_____
Notary Public, Wayne County, MI         GREGORY J. SAFFADY
My Commission Expires: 2/6/2012