# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE
# MIDDLE DIVISION

IN RE:
MARK MANGANO AND
RANDA HADDAD MANGANO,   CASE NO. 08-12375-L
                        CHAPTER 7
     Debtors.           JUDGE LUNDIN
_____\

## PARTIAL CONCURRENCE IN CHASE'S OBJECTION TO MOTION OF TRUSTEE TO SELL PROPERTY

Now comes former MICHAGAN COURT APPOINTED RECEIVER and for his PARTIAL CONCURRENCE IN CHASE'S OBJECTION TO TRUSTEE'S MOTION TO SELL PROPERTY free and clear of liens states:

1. Chase holds a pre-petition perfected lien in the subject property recorded of record in the Wayne County [MI] Records at Liber 3720, P825. However, under controlling federal and Michigan law, made expressly applicable and controlling by this Court's Order, dated July 1, 2009 (DE 210), granting Chase's MOTION FOR ABANDONMENT AND RELIEF FROM AUTOMATIC STAY (DE 28), Chases lien is subordinate to the recorded priority lien of former state court Receiver.

   A. This Court's Order granting Chase its requested relief stated: "**Chase Home Finance LLC … shall be entitled to realize and pursue all remedies in accordance with … state** [Michigan] **law**." See, Exhibit 1.

   B. Michigan law requires Chase obtain consent to proceed with foreclosure, especially in view of the Pre-Petition Order of the State Court authorizing sale of the subject property. See, Mich Land Title Std. 16.11, and, Order, attached as Exhibit 2.

   C. Chase had prior actual notice of the state court proceedings and Order, See, Exhibit 3; and, properly complied with its obligation to seek and obtain the consent required by Michigan law. See, Exhibit 4.

D. On March 2, 2010 consent was given to Chase to proceed with its foreclosure and the priority lien of former Receiver was updated and transferred to proceeds of any sale in accordance with Michigan law, and, was properly recorded at Liber 48375, PP 655-679 Wayne County [MI] Records.

2. Michigan and federal law clearly establish former Receiver's priority over all pre-existing liens against the subject property.

A. FEDERAL LAW:

It has been the established law of the federal courts, since 1933, that fees, costs and administrative expenses, incurred by a state court appointed Receiver in a state receivership, even where a debtor files bankruptcy, constitute a **first priority** "equitable lien" against the property. *Randolph v. Scruggs, 190 US 533 (1933); Chase Bag Co. v. Schoulman, 129 F.2d 247 (6th Cir 1942); In re Armstrong Glass Co., 502 F.2d 159 (6th Cir 1974)* **See** *also 3 COLLIER ON BANKRUPTCY 91503.04, at 503-36 (15th ed. 1984).* .[1]

---

[1] *Fine v. Weinberg,* 384 F.2d 471 (4th Cir.1967); *In re Marks,* 267 F.2d 108 (7th Cir.1959); *In re Paramount Merrick, Inc.,* 252 F.2d 482 (2d Cir.1958); *Goldie v. Cox,* 130 F.2d 690 (8th Cir.1942); *Chase Bag Co. v. Schouman,* 129 F.2d 247 (6th Cir.1942); *First National Bank in Albuquerque v. Robinson,* 107 F.2d 50 (10th Cir.1939); *In re James Butler Grocery Co.,* 100 F.2d 376, 378 (2d Cir.1938); *In re Cohen,* 64 F.2d 103 (2d Cir.1933); *In re White,* 58 F.2d 203 (2d Cir.1932); *In re Jack Stolkin, Inc.,* 42 F.2d 829 (2d Cir. 1930); *Petition of Andrew Dutton Co.,* 10 F.2d 502 (1st Cir.1926); *Gardner v. Gleason,* 259 Fed. 755 (1st Cir.1918); *Hume v. Myers,* 242 F. 827 (4th Cir.1917); *Paine v. Archer,* 233 Fed. 259 (9th Cir.1917); *Bramble v. Brett,* 230 Fed. 385 (8th Cir.1916); *In re Stewart,* 179 Fed. 222 (6th Cir.1910); *In re Zier & Co.,* 142 Fed. 102 (7th Cir.1905); *In re Summers v. Abbott,* 122 Fed. 36 (8th Cir.1903); *Matter of Supreme Plastics, Inc.,* 8 B.R. 730 (N.D.Ill.1980); *In re Kosting,* 350 F.Supp. 1071 (D.Conn.1972); *In re Garrett Road Corp.,* 256 F.Supp. 709 (E.D. Pa.1966); *In re Washington Brewing Company,* 56 F.Supp. 998 (W.D.Pa.1944); *In re Garcia Sugars Corporation,* 49 F.Supp. 350 (S.D.N.Y.1943); *In re Moskowitz,* 25 F.Supp. 341 (E.D.N.Y.1938); *In re Owl Drug Co.,* 16 F.Supp. 139 (D.Nev. 1936), *aff'd sub nom. Cohn v. Edler,* 90 F.2d 823 (9th Cir.1937); *In re Pologe,* 13 F.Supp. 1010 (S.D.N.Y.1935); *In re Natural Dry Ginger Ale Corporation,* 9 F.Supp. 1003 (W.D.N.Y.1935); *In re Hacker,* 38 F.2d 100 (S.D.N.Y.1929); *In re Quemahoning Creek Coal Co.,* 15 F.2d 58 (W.D.Pa.1926); *In re South Bend Lumber Co.,* 2 F.2d 783 (W.D.Wash.1924); *In re A.J. Waterman Mfg. Co.,* 291 Fed. 589 (D.Me.1923); *In re Cooper,* 243 F. 797 (D.Mass.1919); *In re Sobol,* 230 Fed. 652 (S.D.N.Y.1915); *In re Weedman Stave Co.,* 199 Fed. 948 (E.D.Ark.1912); *In re Wentworth Lunch Co.,* 189 Fed. 831 (S.D.N.Y. 1911), *rev'd,* 191 Fed. 821 (2d Cir.1911); *In re Standard Fuller's Earth Co.,* 186 Fed. 578 (S.D.Ala.1911); *In re Congdon,* 129 Fed. 478 (D.Minn.1904); *In re Byerly,* 128 Fed. 637 (M.D.Pa.1904); *In re M. Zier & Co.,* 127 Fed. 399 (D.Ind.1904), *aff'd.,* 142 Fed. 102 (7th Cir.1905); *In re Orchid Island Hotels Inc.,* 18 B.R. 926 (Bkrtcy.D. Haw.1982); *In re Marichal-Agosto, Inc.,* 12 B.R. 891 (Bkrtcy.S.D.N.Y.1981); *Matter of Suf-City Trucking, Inc.,* 1 B.R. 135 (Bkrtcy.E.D.N.Y.1979).

B.  MICHIGAN LAW:

Michigan law holds that fees, costs and administrative expenses of a court appointed receiver *take absolute priority over all preexisting liens against the subject property. In re Rite-Way Tool & Manufacturing Co., 333 Mich 551 (1952); Chronowski v. Park-Sproat Corp., 306 Mich 676, In re Dissolution of Co-Med Drug Co., Inc., 49 Mich App 292 (1973).* **"Receivers have a right to compensation for their services and expenses...."** *Cohen v. Cohen,* 125 Mich.App. 206, 215 *(1983). Such right of the receiver to compensation is a charge on the property ... in receivership ... 45 Am.Jur. § 281, p. 218; FISK v. FISK* **333 Mich. 513** *(1952).*[2]

> "***Admittedly the receivership estate is insolvent and payment in full will not be possible of all such claims as have priority over general creditors***. **From the circuit court's order of distribution the city of Detroit and its treasurer have appealed.** "
>
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
> "**We conclude that the order of distribution by the receiver entered in the circuit court should be modified and made to provide as follows:**
>
> > **(1) There being no controversy on this appeal as to priority of payment of the items given first priority**, *the receiver should first apply funds received from liquidation of the receivership assets (including the chattel mortgaged property) in payment of the costs of administration of the receivership,* **including taxes herein involved**, *and the fees of the receiver and his attorney* **as fixed by the court; and thereafter in the following order apply receivership funds in his hands in payment of (2)** *the chattel mortgages*; **(3) claims of general creditors; and (4) the**

---

[2] Unpaid receiver's fees are in the nature of " administrative costs," which have **first priority** against the receivership property held *in Custodia Legis. Bailey v. Bailey, 262 Mich. 215(it logically follows that he who ultimately establishes his right to the property thus held* [here CHASE] *is the one who benefits from the property having been protected and preserved. For this reason the general rule followed by the courts is that 'a receiver's compensation and the expenses necessarily incurred by him in preserving and caring for the property under the order of a court of competent jurisdiction are primarily a charge on ... the ... property in his hands, regardless of the ultimate outcome of the principal suit). In re Dissolution of Henry Smith Floral Co., 260* Mich. 299 *(1932) at 302-303. 75 C.J.S., Receivers, § 302a, p. 978* This treatment is identical to unpaid property taxes that a pre-existing lender must also pay upon foreclosure. An order issued by a Michigan court providing otherwise is **NOT** simply "error", it is absolutely void. *Id.* " **There was** *[is]* **nothing upon which foreclosure proceedings could operate**.", *Fox v. Martin, 287 Mich. 147, 153 (1938),* and **EVERY** action taken by the lender is meaningless.

**balance of such funds, if any, to the partners**." *In re Riteway Tool, supra, at 554, 558-59.*

3. Former Receiver concurs that Trustee has not complied with the requirements of 11 USC 363, as more fully set forth in his own Objection filed simultaneously herewith.

4. Former Receiver concurs that Chase's lien should remain with the property, subordinate to the priority lien of former Receiver.

5. Former Receiver concurs that ALL properly recorded liens should be permitted to enter a credit bid pursuant to 11 USC 363(k), and, should not be required to comply with "Bidder Registration" or "Terms of Sale" set forth in Trustee's Motion. In fact, ALL such recorded liens should be deemed to be "credit bids" from the inception of any sale, without further action by holders of such liens.

6. This Partial Concurrence is subject to and incorporates by reference, in its entirety as if fully set forth herein, Former Receiver's Objection filed simultaneously herewith.

Respectfully Submitted,

**TINDALL & COMPANY   P.C**.


BY:_____/S/_____
MICHAEL E. TINDALL  P29090
For the Firm
P.O. BOX 46564

**DATED:_4/15/10___**     **MOUNT CLEMENS,  MI   48046**
**(313) 638-7613**
**(815) 572-5858 (FAX)**
**Direct Email: met@comcast.net**

---

**CERTIFICATE OF SERVICE**

**The undersigned hereby certifies that the foregoing document was served upon counsel of record herein at their respective addresses on the record in this matter, or, recited above**

**on _4_/_15__/ 2010_**

____US MAIL _XX_E-FILE/MAIL___ FAX __ DELIVERY

____MICHAEL E. TINDALL_____

---